JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-CV-01956-DOC-ADSx                                    Date: November 17, 2023

Title: MOHAMMED HASSOUN V. MERCEDES-BENZ USA, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Erica Bustos for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On the Court's own motion, the Court DISMISSES this case for lack of subject matter jurisdiction.

### I.   Background

Plaintiff brought this lawsuit on October 18, 2023, alleging that a car he purchased from Defendant Mercedes Benz is a lemon. Complaint ("Compl.") (Dkt. 1) ¶ 18. Specifically, Plaintiff alleges that his vehicle had "serious defects and nonconformities to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-01420-DOC-JDEx                                   Date: November 17, 2023

Page 2

warranty" upon delivery "and developed other serious defects and nonconformities to warranty" after purchase. *Id.* The vehicle that Plaintiff purchased cost $60,336. *Id.* ¶ 3.

In this lawsuit, Plaintiff alleges three violations of California's Song-Beverley Act. *Id.* ¶¶ 25-65.

## II.     II. Legal Standard

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-01420-DOC-JDEx                                      Date: November 17, 2023

                                                                                        Page 3

### III.   Discussion

Plaintiff alleges that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Compl. ¶ 3. The Court disagrees.

Plaintiff includes three figures in the amount in controversy: (1) the price of the vehicle, (2) the civil penalties authorized by the Song-Beverley Act, and (3) attorneys' fees and costs. *Id.* This Court does not, however, include speculative civil penalties and attorneys' fees when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Thus, the amount in controversy is $60,366—the price of the car—which is below the statutory threshold. Accordingly, the Court finds that it lacks diversity jurisdiction over this matter.

### IV.   Disposition

For the reasons set forth above, the Court **DISMISSES** this case. Dismissal is without prejudice subject to refiling in state court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kdu

CIVIL-GEN